UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62487-CV-BLOOM
MAGISTRATE JUDGE REID

LAWRENCE JOHNSON,

     Petitioner,

v.

SEC'Y FLA. DEP'T OF CORR.,

     Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE

### I.   Introduction

This matter is before the Court upon an Amended Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by *pro se* Petitioner, Lawrence Johnson, a convicted state felon, challenging the constitutionality of his conviction and sentence for first-degree murder, in violation of Fla. Stat. §§ 782.04(1)(a)1, 775.087, and 777.011; and armed robbery with a firearm, in violation of Fla. Stat. §§ 812.13(2)(a), 975.087, and 777.011, the result of a jury verdict in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Case No. 08-23373CF10B. [ECF No. 6].

This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Admin. Order 2019-2; and Rules

8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the Amended Petition [ECF No. 6], the Court reviewed the State's Response to the Court's Order to Show Cause [ECF No. 10] along with its supporting exhibits consisting of all pertinent portions of the underlying criminal file in the State's case against Petitioner and transcripts of the relevant proceedings, as well as the subsequent appellate filings and decisions [ECF Nos. 11, 12], and Petitioner's Reply to the State's Response. [ECF No. 13].

For the reasons stated in the Report, the amended federal habeas Petition [ECF No. 6] should be DENIED.

## II.    Claims

Construing the Amended Petition liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Petitioner raises six grounds for relief:

1. "Ground I" contains five subclaims of ineffective assistance of counsel. The Court addresses the grounds as Claims 1a through 1e and summarizes them as follows:

   a. Counsel failed to investigate a witness present at a gas station before the charged offense despite Petitioner's unequivocal request to do so. [ECF No. 6 at 6].

   b. Counsel failed to object and seek a curative instruction after the state was allowed to amend the indictment. [*Id*.].

  c. Counsel failed to object and request a limiting instruction when the state introduced evidence of an uncharged extraneous offense. [*Id.*].

  d. Counsel failed to cross examine Detective Lopez regarding her identification of Petitioner in the surveillance video. [*Id.*].

  e. Counsel failed to object to the State and trial court's constructive amendment of the charge. [*Id.*].

2. In Ground 2, Petitioner claims the state court erred in denying him an evidentiary hearing on his Rule 3.850 motion and failed to include records supporting its decision resulting in the violation of his Due Process rights. [*Id.* at 10].

Petitioner seeks and evidentiary hearing and an order for a new trial. [*Id.* at 18].

## III. Relevant Procedural History

### A. *Information, Trial, and Direct Appeal*

Petitioner, along with his co-defendant, was charged by a two-count Indictment with (Count 1) murder in the first degree and (Count 2) armed robbery with a firearm. [ECF No. 11-1 at 6]. Petitioner proceeded to trial. On September 15, 2010, a jury found Petitioner guilty as charged. [*Id.* at 9-10]. The trial court sentenced Petitioner to concurrent life sentences, with a mandatory minimum sentence of twenty-five years with credit for time served. [*Id.* at 15-23]. Petitioner filed a direct appeal in the Fourth District Court of Appeals ("Fourth DCA"), in Case No. 4D10-4025, alleging trial court error for (1) the admission of evidence of a firearm found in the house where Petitioner was arrested and (2) for permitting a police officer to identifying Petitioner in photographs. [*Id.* at 28]. On June 20, 2012,

the Fourth DCA affirmed Petitioner's conviction and sentence in a lengthy opinion. *Johnson v. State of Florida*, 93 So. 3d 1066 (Fla. 4th DCA, 2012). Petitioner filed a motion for rehearing, which was denied on July 6, 2012. [ECF No. 11-1 at 78.]. Petitioner appealed to the Florida Supreme Court in Case No. SC12-2071, which was denied on February 12, 2013. [*Id*. at 107]. Petitioner did not further appeal. Therefore, his conviction became final 90 days later, on May 13, 2013, when the time to appeal to the Supreme Court of the United States expired. *See* Sup. Ct. R. 13(1). Petitioner had one year to timely file the instant habeas petition absent any tolling motions, until May 13, 2014.

### B. *Post-Conviction Proceedings*

Forty-three days later, on June 25, 2013, Petitioner filed writ of habeas corpus pursuant to Fla. R. App. P. 9.141(d) alleging ineffective assistance of appellate counsel in Case No. 4D13-2464. [ECF No. 11-1 at 110-120]. The Fourth DCA denied the petition on the merits on July 24, 2013. [*Id*. at 122]. Movant filed a motion for rehearing, which was denied August 7, 2013. [*Id*. at 124-126, 128]. For this period the limitations period was tolled.

One hundred and ninety-four days later, on February 17, 2014, Petitioner filed his initial Rule 3.850 motion seeking post-conviction relief, raising four ineffective assistance of counsel claims:

> 1. Counsel failed to investigate a witness that was in the area at the time of the alleged crime [*Id*. at 132-134].

4

2.  Counsel failed to object and seek a curative instruction after the state was allowed to amend the indictment. [*Id*. at 135-138].

3.  Counsel failed to object and request a limiting instruction when the state introduced evidence of an uncharged extraneous offense. [*Id*. at 138-141].

4.  Counsel failed to cross-examine detective Lopez. [*Id*. at 141-145].

More than two years and eight months later, on November 2, 2016, Petitioner filed an amended Rule 3.850 motion repeating the claims above and including a new claim that counsel failed to object to the constructive amendment of the indictment. [*Id*. at 163-169]. On March 13, 2018, the state court denied Petitioner's motion for post-conviction relief adopting the State's response[1], including exhibits, and finding that Petitioner's claims were refuted by the record, were procedurally barred, or otherwise failed on the merits. [*Id*. at 185-189]. The court denied the motion without setting an evidentiary hearing. Petitioner appealed to the Fourth DCA in Case No. 4D18-1085. The Fourth DCA affirmed the denial of post-conviction relief, *per curiam* and without written opinion, on July 26, 2018. *Johnson v. State of Florida*, 251 So. 3d 900 (Fla. 4th DCA 2018). Petitioner appealed to the Florida Supreme Court, during which time, the Fourth DCA issued its mandate on August 24, 2018.

---

[1] In its order, the state court "adopt[ed] and incorporate[d] [therein] the legal and factual analysis that [was] contained in the State's 370-page response (inclusive of exhibits), a copy of which was sent to Defendant via U.S. mail on February 12, 2018, as certified by the State." [ECF No. 11-1 at 186].

[ECF No. 11-1 at 195]. Eventually, the Florida Supreme Court dismissed the petition. [ECF No. 11-1 at 211]. Accordingly, only during the period, from February 17, 2014, through August 24, 2018, was the limitations period was tolled. By this point, 237 days of the limitations had expired (43 + 194 = 237). Accordingly, 128 days remained in the limitations period.

Forty-eight days later, on October 11, 2018, (as stamped by prison officials), Petitioner filed his initial federal habeas Petition, which was unsigned, undated, and without factual support. [ECF No. 1]. The Court issued an Order directing Petitioner to amend alerting him to certain deficiencies, specifically, that the first five ineffective assistance of counsel claims were bare and conclusory without factual support, and, also, that Claim 2 was not cognizable in a federal habeas proceeding. [ECF No. 5 at 4]. The Court informed Petitioner that the amended petition shall be the sole, operative pleading considered in this case, and only the claims listed therein will be addressed by the Court. [*Id*. at 6]. Petitioner filed an Amended Petition. [ECF No. 6]. This Report follows.

### IV.    Threshold Issues – Timeliness

Parties properly assert that the instant Petition is timely filed.

### V.    Standard of Review in § 2254 Cases

This Court's review of Petitioner's claims is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110

Stat. 1214 (1996). *See Abdul–Kabir v. Quarterman*, 530 U.S. 233, 246 (2007); *see also Davis v. Jones*, 506 F.3d 1325, 1331, n.9. (11th Cir. 2007). Thus, the "AEDPA limits the scope of federal habeas review of state court judgments." *Pittman v. Sec'y, Fla. Dep't of Corr.*, 871 F.3d 1231, 1243 (11th Cir. 2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" *Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F.3d 600, 642 (11th Cir. 2016) (quoting *Greene v. Fisher*, 565 U.S. 34, 38 (2011)) (quotation marks omitted)).

Therefore, a federal habeas court may grant habeas relief from a state court judgment only if the state court's decision on the merits of the issue was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d). In that respect, the Eleventh Circuit has made clear that:

> [a] state court's decision rises to the level of an unreasonable application of federal law only where the ruling is 'objectively unreasonable, not merely wrong; even clear error will not suffice.' *Virginia v. LeBlanc*, 582 U.S. ___, ___, 137 S. Ct. 1726, 1728, 198 L.Ed.2d 186 (2017) (*per curiam*) (quoting *Woods v. Donald*, 575 U.S. ___, ___, 135 S. Ct. 1372, 1376, 191 L.Ed.2d 464 (2015) (*per curiam*)). This standard is "meant to be" a difficult one to meet. *Harrington v. Richter*, 562 U.S. 86, 102,

7

131 S. Ct. 770, 786, 178 L.Ed.2d 624 (2011).

*Rimmer v. Sec'y, Fla. Dep't of Corr.*, 876 F.3d 1039, 1053 (11th Cir. 2017).

Federal courts "must also presume that 'a determination of a factual issue made by a State court [is] correct,' and the petitioner 'ha[s] the burden of rebutting the presumption of correctness by clear and convincing evidence.'" *Morrow v. Warden*, 886 F.3d 1138, 1147 (11th Cir. 2018) (citing 28 U.S.C. § 2254(e)(1)). Further, "[t]his presumption of correctness applies equally to factual determinations made by the state trial and appellate courts." *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting *Bui v. Haley*, 321 F.3d 1304, 1312 (11th Cir. 2003)).

More recently, the Supreme Court of the United States in *Wilson v. Sellers*, 584 U.S. ___, 138 S. Ct. 1188, 1194 (2018), concluded there is a "look through" presumption in federal habeas corpus law, as silence implies consent. *See also Kernan v. Hinojosa*, 578 U.S. ___, 136 S. Ct. 1603, 1605-1606 (2016) (*per curiam*) (adopting the presumption that silence implies consent but refusing to impose an irrebutable presumption). Where the state court's adjudication on the merits of a claim is unaccompanied by an explanation, the Supreme Court of the United States instructs that:

> [T]he federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

8

*Wilson*, 584 U.S. at ___, 138 S. Ct. at 1192. In other words, if the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.* However, if the relevant state-court decision on the merits is not accompanied by a reasoned opinion, because it was summarily affirmed or denied, a federal court "should 'look through' the unexplained decision to the last state-court decision that does provide a relevant rationale." *Id.*

Moreover, the Supreme Court of the United States has repeatedly stated that "[t]he petitioner carries the burden of proof" and that the § 2254(d)(1) standard is a high hurdle to overcome. *See Bobby v. Dixon*, 565 U.S. 23, 24 (2011) (citations omitted); *see also Rimmer v. Sec'y, Fla. Dep't of Corr.*, 876 F.3d at 1053 (opining that to reach the level of an unreasonable application of federal law, the ruling must be objectively unreasonable, not merely wrong or even clear error).

## VI.    Discussion

### A. *Claim 1a – Counsel Was Ineffective for Failing to Investigate a Witness.*

In **Claim 1a**, Petitioner claims counsel failed "to investigate a witness who was robbed at the Hess gas station before the charged offense" despite Petitioner's "unequivocal request to do so." [ECF No. 6 at 6]. According to Petitioner, "[c]ounsel had descriptive information of this witness, the name and address of the owner of

the car that witness was driving, and the proffered testimony." [*Id.*]. The testimony from the witness "would have contradicted State witness Joy James testimony that Petitioner committed the offense." [*Id.*]. The State asserts that the fact that another witness might be available is not sufficient grounds to prove ineffective assistance. [ECF No. 10 at 18]. According to the State, (1) there was no reason to belief the witness was involved in the underlying criminal offense because the witness was there an hour and thirty minutes before the shooting, (2) James' testimony was based on Petitioner's admission to her, and (3) James identified Petitioner in the surveillance video. [ECF No. 10 at 18-19]. In his Reply, Petitioner reiterates his claim but attempts to provide explicit details on the incident and the witness which he did not initially provide in his Amended Petition. [ECF No. 13 at 2-4].

Tactical or strategic choices by counsel cannot support a collateral claim of ineffective assistance unless the decision was so "patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983); *see also United States v. Costa*, 691 F.2d 1358 (11th Cir. 1982). "[C]ounsel need not always investigate before pursuing or not pursuing a line of defense. Investigation (even a nonexhaustive, preliminary investigation) is not required for counsel reasonably to decline to investigate a line of defense thoroughly." *Chandler v. United States*, 218 F.3d 1305 1318 (11th Cir. 2000).

"In assessing the reasonableness of an attorney's investigation . . . a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." *Wiggins v. Smith*, 539 U.S. 510, 527 (2017). Moreover, which witnesses to call, if any, is a strategy decision that should seldom be second guessed. *See Conklin v. Schofield*, 366 F.3d 1191, 1204 (11th Cir. 2004); *see also Dorsey v. Chapman*, 262 F.3d 1181, 1186 (11th Cir. 2001) (holding that petitioner did not establish ineffective assistance based on defense counsel's failure to call expert witness for the defense because it was not so patently unreasonable a strategic decision that no competent attorney would have chosen the strategy). Moreover, "[w]hich witnesses, if any, to call, and when to call them, is the epitome of a strategic decision and it is one that [the courts] will seldom, if ever, second guess." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995).

Complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative. *See Bray v. Quarterman*, 265 F. App'x 296, 298 (5th Cir. 2008). "Thus, to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed

11

testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (citing *Bray*, 265 F. App'x at 298; *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)).

Here, James testified that she knew Petitioner because he was her boyfriend [ECF No. 12-1 at 439, 447, 455]. She testified that she identified Petitioner in a photograph for police; and she identified him at trial. [*Id*. at 443-44]. James testified that four days after the shooting, Petitioner admitted to her that he committed the crime and explained various details with her. [*Id*. at 445-455]. She also testified she (1) knew Petitioner had a nine-millimeter gun and a .45-caliber gun, (2) he kept bullets at her home, (3) and admitted to giving Petitioner money to leave town in order for him to evade prosecution but waited until he left before calling the police so he would not be alerted. [*Id*. at 457-460]. On cross-examination, James stated she was able to confirm Petitioner's identity to police when police showed her the surveillance tape. [*Id*. at 464; *see* entire cross-examination at 461-469]. Petitioner does not identify who the witness might be, what he or she might testify to, or whether he or she would have been available to testify. It is extremely unlikely that a random witness present at the location but not at the time of the shooting would be able to controvert James' testimony. Petitioner does not indicate what part of the testimony would have been rebutted by this witness.

Petitioner attempts to provide additional or completely new facts for the first time in his Reply [ECF No. 13 at 2-4], which is impermissible and not authorized by the applicable rules. Petitioner was required to state all of his claims and the factual support for those claims in his amended petition. *See* R. 2(c), Rules Governing Habeas Corpus Cases Under Section 2254 ("The petition must: (1) specify all the grounds for relief available to the petitioner . . ."). Petitioner may not amend his Amended Petition by including new and independent factual claims in his Reply because Respondent had already served its answer. *See* Fed. R. Civ. P. 15(a) (a party is permitted to amend a pleading once "as a matter of course" at any time before a responsive pleading is served or, otherwise, only by leave of court or by written consent of the adverse party). In sum, Petitioner did not raise these factual assertions in his Amended Petition despite the Court's Order outlining the specific deficiencies. Petitioner did not seek further leave of court to amend any of his claims and is barred from raising any in his Reply. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (traverse is not proper pleading to raise additional grounds for relief; in order for state to be properly advised of additional claims, they should be raised in amended petition or statement of additional claim). This Court is mindful of its responsibility to address and resolve all claims raised in a petition. *See Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (instructing "the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254."); *see also Williams v. Florida Dep't. of Corr.*, 391 F. App'x 806, 810 (11th Cir. 2010). That said, nothing in *Clisby* requires or suggests consideration of a claim raised for the first time in a reply.

The state court denied relief on this claim finding it speculative that there would be a different outcome. [ECF No. 11-1 at 187]. The court also adopted the assertions in the State's response, that there was no prejudice given James' testimony of Petitioner's admission to her. [ECF No. 11-11 at 175; *see* State's response in its entirety at 172-183]. The state court's decision on the merits was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Ultimately, Petitioner cannot satisfy both prongs of *Strickland*. Therefore, **Claim 1a** fails on the merits and should be DENIED.

### B. *Claim 1b – Counsel Was Ineffective for Failing to Object to the State's Amendment of the Information and Seek a Curative Jury Instruction.*

In **Claim 1b**, Petitioner asserts that counsel failed "to object and request a curative instruction to inform the jury that Petitioner [was] no longer charged with the robbery of the gas station, after the trial court granted the State's motion to amend the indictment during trial [and] removing that offense from the indictment." [ECF No. 6 at 6]. The State asserts counsel did object. [ECF No. 10 at 19]. Furthermore, the State asserts that no curative instruction was necessary because the court

arranged for the jury to receive a copy of the corrected indictment. [*Id.* at 20]. In his Reply, Petitioner concedes that counsel objected to the amendment of the indictment but not the instruction. [ECF No. 13 at 4]. To the extent that Petitioner seeks to include additional facts not presented in his Amended Petition, those facts will not be considered for the reasons stated above. New claims and factual assertions are not permitted within a Reply and Petitioner's claim fails.

Petitioner was never charged with robbery of a gas station. He was charged with armed robbery of a person (S.P.) taking jewelry and some money, as later presented to the jury. [ECF No. 12-1 at 520; *see also* Indictment at ECF No. 11-1 at 6]. At trial, the State sought to amend the indictment to the "delete surplusage" of money, since it was proceeding only as to the jewelry. [*Id.* at 419-420]. Accordingly, no curative instruction was necessary because, despite Petitioner's assertions to the contrary, the armed robbery charge was never deleted from the indictment.

In denying Petitioner's Rule 3.850 motion, the state court determined this trial court error claim was "invalidly couched" as an ineffective assistance of counsel claim, should have been raised on direct appeal, and was procedurally barred. [ECF No. 11-1 at 187]. Moreover, on the merits, the court adopted the State's response, found counsel did object to the state's amendment, and, given the weight of the evidence, there was no reasonable likelihood there would be a different outcome had counsel sought a curative instruction. [*Id.*]. This decision, affirmed on appeal, was

not contrary to or an unreasonable application of, clearly established federal law nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner's claim is controverted by the record. Ultimately, Petitioner cannot satisfy both prongs of *Strickland*. Accordingly, *Claim 1b* fails and should be DENIED.

*C. Claim 1c – Counsel Was Ineffective for Failing to Object or Request a Limiting Jury Instruction Where Evidence was Inextricably Intertwined With the Robbery*

In **Claim 1c**, Petitioner claims, counsel failed "to object and request that the court give a limiting instruction informing the jury of the limited purpose for which evidence of the now uncharged robbery could be used, and not to consider that evidence as proof of the charged robbery." [ECF No. 6 at 6]. Petitioner raises no additional facts within his Amended Petition to clarify the uncharged robbery or what was used as evidence as proof of the charged robbery. [*Id.*]. The factual assertions he raises for the first time in his Reply are impermissible, as explained previously. The State asserts that the actions recorded on video inside the gas station around the time of the murder and robbery are relevant to the crime even though no criminal charges were filed for those activities. [ECF No. 10 at 21]. In his Reply, Petitioner attempts to clarify that he is not challenging actions recorded on video but that the jury was unaware that he was not charged with robbery of the gas station and should not be considered as proof of the charged robbery [of the victim].

16

First, as presented in the Amended Petition, Petitioner's claim of ineffective assistance is bare and conclusory without factual support. As such, relief is not warranted. Second, as previously stated, Petitioner was never charged with robbery of a gas station but rather the armed robbery of the victim. Thus, the record contradicts Petitioner's claim. Finally, the state court determined that, like the previous claim, this was a trial court error claim "invalidly couched" as an ineffective assistance of counsel claim, should have been raised on direct appeal, and was procedurally barred. [ECF No. 11-1 at 187]. Moreover, on the merits, the court adopted the State's response, finding that evidence presented at trial was inextricably intertwined with the charged robbery, and, given the weight of the evidence, there was no prejudice. [*Id.*]. The state court decision, affirmed on appeal, is not contrary to or an unreasonable application of federal law nor was it unreasonable in light of the evidence presented. Petitioner cannot satisfy both prongs of *Strickland*; thus, **Claim 1(c)** should be DENIED.

### D. Claim 1d – Counsel Was Ineffective for Failing to Cross-Examine Detective Lopez Regarding Identifying Petitioner on Surveillance Video.

In **Claim 1d**, Petitioner claims counsel failed "to cross examine the lead detective and bring out on cross-examination that the detective did not identify the Petitioner in the video prior to being told by witness…James who she …believed that person to be and that…Lopez...had never met Petitioner prior to viewing the video and was not an expert in video tape identification." [ECF No. 6 at 6]. The State

17

asserts that Detective Lopez never testified that she knew Petitioner prior to the investigation and only compared his appearance from the time of the incident to the date of trial. [ECF No. 10 at 22-23]. In his Reply, Petitioner argues the State addresses his claim. [ECF No. 13 at 6]. Petitioner's claim fails.

Counsel's tactical or strategic choices include the cross-examination of a witness. Even silence can constitute trial strategy. *See Moss v. Hofbauer*, 286 F.3d 851 (6th Cir. 2002). Mere allegations of inadequate performance during cross-examination are conclusory and do not permit the Court to examine whether counsel's failure prejudiced him. *See United States v. Irby*, 103 F.3d 126 (5th Cir. 1996) (unpublished) (denying ineffective assistance claim based on counsel's failure "to adequately cross-examine a number of government witnesses" because petitioner "fail[ed] to set forth . . . the possible impact of any additional cross-examination"); *see also Lincecum v. Collins*, 958 F.2d 1271, 1279 (5th Cir. 1992) (denying habeas relief where petitioner "offered nothing more than the conclusory allegations in his pleadings" to support claim that counsel was ineffective for failing to investigate and present evidence); *Day*, 566 F.3d at 527. Similarly, the decision to not cross-examine certain witnesses can demonstrate counsel's attempts to maintain his strategy. *See Taylor v. Culliver*, 638 F. App'x 809, 818 (11th Cir. 2015).

18

Detective Lopez testified[2] that she was able to view the surveillance video the same day the crime occurred but before anyone was arrested and in custody. [ECF No. 11-1 at 271]. Lopez testified that still shots from the video were retrieved and used "to enlist the help of the public to…identify the suspects." [*Id*. at 271]. Counsel objected to Lopez's ability to identify the person in the photographs as the Petitioner. [*Id*. at 273-274, 298; *see* additional discussion at 275-278]. Lopez identified Petitioner in the photograph and identified him at trial. [*Id*. at 279]. Lopez explained the change in Petitioner's appearance from the time of the robbery to the date of trial. [*Id*. at 280-281]. Lopez also testified that James provided her information that Petitioner was a potential suspect. [*Id*. at 282, 285-288]. Lopez identified Petitioner as the person in the surveillance video. [*Id*. at 299]. Lopez also testified that the weapon used to kill the victim was a nine-millimeter. [*Id*.]. Counsel declined to cross-examine Lopez. [*Id*. at 300].

Petitioner raised a similar claim on direct appeal – that the trial court erred in allowing this testimony from Lopez. The Fourth DCA found there was no trial error and explained:

> This detective had an extensive opportunity to observe Johnson in person in Alabama shortly after the crime was committed. After his arrest, Johnson changed his appearance by gaining weight and bleaching his skin. Under these circumstances, the detective's testimony was properly admitted, because how Johnson looked at the time of the crime was outside the realm of

---

[2] *See* Detective Lopez's entire testimony at ECF No. 11-1 at 266-300.

> the jurors' knowledge and experience and the detective's special
> familiarity with Johnson was of assistance to the jury. *See Hardie
> v. State*, 513 So. 2d 791 (Fla. 4th DCA 1987) (finding no error in
> officers' identification on videotape based on "their prior
> knowledge and contacts" with the defendant); *cf. Ruffin v. State*,
> 549 So. 2d 250 (Fla. 5th DCA 1989) (holding that officers'
> identification of the defendant on a videotape of the crime
> invaded "the province of the jury"). Also, unlike *Hardie*, there
> was not the danger that the detective's knowledge of Johnson
> came from criminal conduct unrelated to the case; she was one
> of the officers present for the Alabama arrest, a matter properly
> before the jury. 513 So. 2d at 793-9.

*Johnson*, 93 So. 3d at 1069.

The decision not to cross-examine Lopez, without more, is insufficient to find
counsel ineffective. Petitioner's claim fails because a cross-examination would have
elicited nothing more than what Lopez already testified to on direct examination –
(1) she never met Petitioner before viewing the surveillance video, (1) James made
the identification of Petitioner in the video and relayed that to Lopez, and (3) Lopez
did not testify as an expert surveillance video analysis. More importantly, counsel
sufficiently preserved the matter for direct appeal, which supports a finding that
counsel was not deficient under *Strickland*.

In denying Petitioner's Rule 3.850 motion, the state court determined that,
like the previous two claims, this was a trial court error claim "invalidly couched"
as an ineffective assistance of counsel claim, should have been raised on direct
appeal, and was procedurally barred. [ECF No. 11-1 at 187]. On the merits, the court
adopted the State's response, finding counsel was not ineffective for failing to cross-

examine Detective Lopez; and, given the weight of the evidence, there was no prejudice. [*Id*. at 188]. The state court decision, affirmed on appeal, is not contrary to or an unreasonable application of federal law nor was it unreasonable in light of the evidence presented. Petitioner cannot satisfy both prongs of *Strickland*; thus, **Claim 1(d)** should be DENIED.

> E. *Claim 1e – Petitioner's Claim that Counsel Failed to Object to the Constructive Amendment of the Charge is Procedurally Barred.*

In **Claim 1e**, Petitioner claims that counsel failed "to object when the State and…[c]ourt constructively amended the indictment by evidence presented during trial" based on evidence presented during the trial, closing statements, and jury instructions. [ECF No. 6 at 6-7]. The State asserts that this claim is procedurally defaulted because Petitioner failed to raise the claim in a timely manner in the state court; therefore, it is barred from federal review unless he can demonstrate cause for default and actual prejudice as a result of the violation. [ECF No. 10 at 23]. The State also asserts that the claim fails on the merits. [*Id*. at 24-25]. In his Reply, Petitioner claims that his Rule 3.850 motion was timely filed on February 17, 2014; and he could amend the motion because the court permitted the amendment without issuing an order with a deadline. [ECF No. 13 at 7]. His Reply also contradicts the instant claim because, in addressing Claim 1b, Petitioner conceded that counsel objected to the amendment of the indictment but not the jury instruction. [*Id*. at 4]. Petitioner's claim fails.

In Florida, a motion to vacate a sentence must be filed within two years after the judgment and sentence becomes final. Fla. R. Crim P. 3.850 (b). In the case where an amended motion is filed, the state court need not consider "new claims for relief… unless the amendment is filed within the" two-year limitations period. Fla. R. Crim. P. 3.850(e).

The failure to properly exhaust the available state court remedy results in a procedural default of the unexhausted claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (petitioner's "failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."); *see also Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."). When the state court rules that claims in a Rule 3.850 motion are untimely, the federal court is required to defer to that ruling. *See Stafford v. Thompson*, 328 F.3d 1302, 1305 (11th Cir. 2003) (citing *Webster v. Moore*, 199 F.3d 1256 (11th Cir. 2000)).

As narrated above, although Petitioner's initial Rule 3.850 motion was timely filed, he filed his amendment more than two years and eight months later, *on November 2, 2016*, raising a new claim that counsel failed to object to the

constructive amendment of the indictment.[3] [ECF No. 11-1 at 163-169]. The state court deemed the claim procedurally time-barred under Rule 3.850(e), as well as otherwise procedurally barred and finding that even on the merits the claim failed. [ECF No. 11-1 at 188].

This claim is procedurally defaulted and, as a consequence, is barred from federal review absent a showing of "actual cause and prejudice" or "manifest injustice." *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). "Cause" must ordinarily be something external to the defense. *See Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). To show "prejudice," the petitioner must show "not merely that the errors at his trial created the possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (emphasis in original) (quoting *Frady*, 456 U.S. at 170). Petitioner fails to demonstrate "actual cause and prejudice" or "manifest injustice," particularly in light of the weight of the evidence against him presented at trial.

The state decision to deny the claim as time-barred should not be disturbed by the Court; it remains procedurally barred. Accordingly, **Claim 1e** should be DENIED.

---

[3] By the time Petitioner filed his initial Rule 3.850 motion, 237 days of the two-year limitations period had expired (43 + 194 = 237).

23

*F.  Claim 2 – Petitioner's Claims that the State Trial Court Erred in Denying Him an Evidentiary Hearing on His Rule 3.850 Motion and Failed to Attach Records to Its Decision are Unexhausted and are Otherwise Not Cognizable.*

In **Claim 2**, Petitioner claims he was denied Due Process by the state court's failure to conduct an evidentiary hearing on his ineffective assistance of counsel claims and failed to attach any records showing why he was not entitled to relief. He claims the denial of the hearing was contrary to well established federal law and denied him Due Process. [ECF No. 6 at 10]. According to Petitioner, state law requires the reversal and remand for an evidentiary hearing. [*Id.*]. The State asserts that Petitioner failed to exhaust this claim at the state level because he did not present a federal constitutional issue on direct appeal. [ECF No. 10 at 26]. In addition, the State asserts, that Petitioner challenged a state rule, which is "not a proper subject for federal review." [*Id.*]. Alternatively, the State argues the claim fails on the merits as the trial court adopted the State's response which contained the record attachments. [*Id.* at 27]. In his Reply, Petitioner maintains the claim was properly exhausted. [ECF No. 16 at 4-8]. Petitioner's claim fails.

It is axiomatic that issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted prior to their consideration on the merits. *See Anderson v. Harless*, 459 U.S. 4 (1982); *see also Hutchings v. Wainwright*, 715 F.2d 512 (11th Cir. 1983). Exhaustion requires that a claim be pursued in the state courts through the appellate process. *See Leonard v.*

24

*Wainright*, 601 F.2d 807 (5th Cir. 1979). Both the factual substance of a claim and the federal constitutional issue itself must have been expressly presented to the state courts to achieve exhaustion for purposes of federal habeas corpus review. *See Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion also requires review by the state appellate and post-conviction courts. *See Mason v. Allen*, 605 F.3d 1114 (11th Cir. 2010); *see also Herring v. Sec'y Dep't of Corr.*, 397 F.3d 1338 (11th Cir. 2005). In Florida, exhaustion is ordinarily accomplished on direct appeal. If not, it may be accomplished by the filing of a Rule 3.850 motion and an appeal from its denial, *see Leonard*, 601 F.2d at 808, or, in the case of a challenge to a sentence, by the filing of a Rule 3.800 motion and an appeal from its denial. *See Caraballo v. State*, 805 So.2d 882 (Fla. 2d DCA 2001).

"It is not sufficient merely that the federal habeas petitioner has been through the state courts...nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317 (11th Cir. 2004) (citing *Picard v. Connor*, 404 U.S. 270, 275-276 (1971); *Anderson*, 459 U.S. at 6). A petitioner is required to present his claims to the state courts such that the courts have the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." *Picard*, 404 U.S. at 275-277. To satisfy this requirement, "[a] petitioner must alert state courts to any federal claims to allow the state courts an

opportunity to review and correct the claimed violations of his federal rights." *Jimenez v. Fla. Dep't. of Corr.*, 481 F. 3d 1337 (11th Cir. 2007) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

"A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin*, 541 U.S. at 32.

To circumvent the exhaustion requirement, Petitioner must establish that there is an "absence of available state corrective process" or that "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B); *see also Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Petitioner makes no such showing here.

Failure to exhaust a claim can result in a procedural default bar in federal court if it is obvious that the unexhausted claim would now be procedurally barred in state court. *See Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). The federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *See id*. at 1303. However, a petitioner can avoid the application of procedural default by establishing objective cause for failing to properly raise the claim in state court and actual prejudice from

26

the alleged constitutional violation. *See Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1179-80 (11th Cir. 2010).

To show cause, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999); *see also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate there is a reasonable probability the outcome of the proceeding would have been different. *See Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Here, Petitioner claims the trial court erred in denying him an evidentiary hearing as violative of his right to Due Process. The instant petition presents a federal constitutional claim. However, he did not present this matter to the appellate court. Accordingly, **Claim 1** is unexhausted and procedurally barred. Petitioner does not demonstrate any factor impeded the effort to properly raise the claim, in accordance with *Wright v. Hopper*, nor can he establish any prejudice that there was a reasonable probability the outcome would have been different, under *Crawford v. Head*.

Even if Petitioner's claim was exhausted, in Florida, a defendant is not entitled to an evidentiary hearing on a Rule 3.850 motion unless "the trial court finds that the motion is facially sufficient, that the claim is not conclusively refuted by the record, and that the claim is not otherwise procedurally barred." *Jacobs v. State*, 880 So. 2d 548, 551 (Fla. 2004). The state court determined that Petitioner's claims were

27

frivolous, procedurally barred, or refuted by the record. [ECF No. 11-1 at 185-188].

That determination was affirmed on appeal. *See Johnson*, 251 So. 3d at 900. To the

extent Petitioner asserts that the State failed to adhere to its own procedures

regarding the denial of an evidentiary hearing, the claim is a matter of state law not

cognizable on federal habeas review. A § 2554 petition is not a proper vehicle to

litigate alleged defects in a Rule 3.850 proceeding. *Carroll v. Sec'y, Dep't. of Corr.*,

574 F.3d 1354, 1365 (11th Cir. 2009) (defects in state collateral proceedings do not

provide a basis for habeas relief). In *Carroll*, the Eleventh Circuit reasoned:

> a challenge to a state collateral proceeding does not undermine
> the legality of the detention or imprisonment -- i.e., the
> conviction itself--and thus habeas relief is not an appropriate
> remedy. Moreover, such challenges often involve claims under
> state law -- for example, Florida Rule of Criminal Procedure
> 3.850 and 3.851, which govern the availability of, and
> procedures attendant to, post-conviction proceedings in Florida -
> - and '[a] state's interpretation of its own laws or rules provides
> no basis for federal habeas corpus relief, since no question of a
> constitutional nature is involved.'
>
> Because of this bar to relief, we have stated it is "beyond debate"
> that a state court's failure to conduct an evidentiary hearing on a
> post-conviction motion does not constitute a cognizable claim
> for habeas relief.

*Id*. (internal citations omitted).

Accordingly, **Claim 2** does not warrant relief and should be DENIED.

## VII.   Evidentiary Hearing

Based upon the foregoing, any request by Petitioner for an evidentiary hearing on the merits of any or all of his claims should be denied since the habeas petition can be resolved by reference to the state court record. *See* 28 U.S.C. § 2254(e)(2); *see also Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing); *Atwater v. Crosby*, 451 F.3d 799, 812 (11th Cir. 2006) (addressing the petitioner's claim that his requests for an evidentiary hearing on the issue of trial counsel's effectiveness during the penalty phase of his trial in both the state and federal courts were improperly denied, the court held that an evidentiary hearing should be denied "if such a hearing would not assist in the resolution of his claim."). Petitioner has failed to satisfy the statutory requirements in that he has not demonstrated the existence of any factual disputes that warrant a federal evidentiary hearing.

## VIII.   Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a

certificate of appealability ("COA") to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009).

This Court should issue a COA only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Alternatively, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

After review of the record, Petitioner is not entitled to a certificate of appealability. Nevertheless, as now provided by the Rules Governing § 2254 Proceedings, Rule 11(a), 28 U.S.C. § 2254: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in the objections permitted to this Report and Recommendation.

## IX.    Recommendations

Based upon the foregoing, it is recommended that this Amended Petition for

Writ of Habeas Corpus [ECF No. 6] be DENIED, that NO certificate of appealability

issue, and that the case be CLOSED.

Objections to this report may be filed with the District Judge within fourteen

days of receipt of a copy of the report. Failure to do so will bar a de novo

determination by the District Judge of anything in the recommendation and will bar

an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C.

§ 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

SIGNED this 9th day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    Lawrence Johnson
       B08866
       Desoto Annex
       Inmate Mail/Parcels
       13617 SE Highway 70
       Arcadia, FL 34266
       PRO SE

       Melynda Layne Melear
       Attorney General Office
       1515 N. Flagler Drive, 9th Floor
       West Palm Beach, FL 33401-3432
       561-837-5000
       Email: crimappwpb@myfloridalegal.com